**Jake W. Peterson, ISB#1675**
**Attorney at Law**
**1215 W. Hays**
**Boise, ID 83702**
**(208) 433-9882 – Telephone**
**(208) 433-9886 – Facsimile**
jakewpeterson@gmail.com

*Attorney for the Debtors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 13** |
| **Justin Wayne Bray and Melanie Rose** | ) | |
| **Bray,** | ) | **CASE NO. 09-04031-TLM** |
| | ) | |
| **Debtors.** | ) | |

**Notice of Debtor Melanie Rose Bray's Motion for an Order Bifurcating the above entitiled case so that Melanie Rose Bray can convert her case to a Chapter 7 Bankruptcy and Opportunity to Object and for a Hearing**

**No Objection.**  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within fourteen [14] days of the date of service of this notice.  If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.**  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

**Hearing on Objection.**  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

**NOTICE OF MOTION FOR ORDER BIFURCATING THE ABOVE ENTITILED CASE SO THAT MELANIE ROSE BRAY CAN CONVERT HER CASE TO A CHAPTER 7 BANKRUPTCY**

NOW COMES  Jake. W. Peterson, attorney for the Debtor Melanie Rose Bray and hereby gives notice of Melanie Rose Bray's Motion to Bifurcate her case and convert her case,  after her case has been bifurcated, to a Chapter 7 Bankruptcy.

1. The Debtor Melanie Rose Bray filed for relief under Chapter 13 of the Bankruptcy Code  with her husband Justin Wayne Bray on December 21st, 2009.  The Debtors thereafter filed an Amended Chapter 13 Plan on February 15th, 2010. (Docket # 27).  The Debtors' Amended Chapter 13 Plan was confirmed on March 12th, 2010. (Docket # 33)

2. On August 11th, 2011, Debtors were divorced.  Melanie Rose Bray obtained employment, but did not inform her trustee of the fact that she was employed or that she was divorced.  Pursuant to the Confirmation Order signed by this Court on March 12th, 2010, she had an obligation to inform her trustee of her change in income and the source of that income.  Melanie Bray did not personally inform her trustee of the fact that she had additional income or that she was employed.  However, she did file income tax forms with her trustee yearly which showed where she ws employed and what her income was.

3. On December 3rd, 2013, the Debtors' trustee fileld a Motion to Dismiss Debtors' case for failure to comply with the Court Order. (Docket No. 58)  Thereafter, on March 18th, 2014,  the Debtor, through her attorney, filed a motion to Bifurcate the Chapter 13 Case. (Docket No. 62)   The Motion states as follows: "Comes now, Jake W. Peterson, attorney for the above named Debtors and hereby moves this Honorable Court for an Order bifurcating the above entitled case so that Melanie Rose Bray can convert to a Chapter 7 Bankruptcy.  The Debtor Melanie Rose Bray has not received a Chapter 7

discharge within the last eight years." On March 18th, 2014, the Debtor Melanie Rose Bray also filed a Motion to Convert her Chapter 13 Wage Earner Plan to a Chapter 7 Bankruptcy. (Docket No. 64)

4.   Based upon the Debtor Melanie Rose Bray's Motion to Bifurcate the Chapter 13 case and Motion to Convert her Case to a Chapter 7 Bankrtupcy, the trustee, through her attorney, orally withdrew the Trustee's Motion to Dismiss. (Docket No. 65)

**WHEREFORE**, the Debtor Melanie Rose Bray respectfully requests that this Honorable Court grant Debtor's Motion to Bifurcate her case and that she be allowed to convert her case to a Chapter 7 Bankruptcy.

**DATED**: March 25th, 2014..

/s/__Jake W. Peterson_____
Jake Peterson, Attorney for the Debtors

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the March 25, 2014, I filed the forgoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the United States Trustee        Alexandra O. Caval
ustp.region18.bs.ecf@usdoj.gov             Attorney for the Trustee
                                           alex@kam13trustee.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

SEE THE MAILING MATRIX
ATTACHED HERETO.

_____/s/_____
Jake W. Peterson, Attorney for the Debtors